UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ELMER A.G.C.,

                              Petitioner,

Civil No. 26-763 (JRT/DJF)

v.

KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*;

DAVID EASTERWOOD, *Acting Director of Enforcement and Removal Operations, St. Paul Field Office, Immigration and Customs Enforcement*;

TODD M. LYONS, *Acting Director, Immigration and Customs Enforcement*;

PAMELA BONDI, *U.S. Attorney General*; and

RYAN SHEA, *Freeborn County Sheriff, Warden, Freeborn County Jail, Albert Lea, Minnesota*,

                              Respondents.

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

---

Khanh Ngoc Nguyen, **KHANH NGUYEN LAW OFFICE, LLC**, 1001 Washington Avenue South, Minneapolis, MN 55415, for Petitioner.

Ana H. Voss, Julie T. Le, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondents Kristi Noem, David Easterwood, Todd M. Lyons, and Pamela Bondi.

David John Walker, **FREEBORN COUNTY ATTORNEY'S OFFICE**, 411 South Broadway Avenue, Albert Lea, MN 56007, for Respondent Ryan Shea.

Petitioner Elmer A.G.C. was arrested and detained by United States Immigration and Customs Enforcement ("ICE") on December 30, 2025. Elmer A.G.C. petitions for a writ of habeas corpus, arguing that he is being detained unlawfully. Because the Court concludes that Elmer A.G.C.'s detention is unlawful, the Court will grant his petition for writ of habeas corpus and will order that he be released from custody.

## BACKGROUND

Petitioner is a citizen of Honduras and a resident of Monticello, Minnesota. (Verified Pet. Writ of Habeas Corpus ("Pet.") ¶¶ 8, 23, Jan. 28, 2026, Docket No. 1.) He entered the United States without inspection in 2021. (*Id.* ¶ 7.) On December 30, 2025, ICE arrested Petitioner without a warrant in Monticello, Minnesota. (*Id.* ¶ 9.) He was taken into custody and detained in Minnesota. (*Id.*)

On January 28, 2026, Elmer A.G.C. filed a Verified Petition for Writ of Habeas Corpus, alleging that his continued detention is unlawful and requesting that the Court order his immediate release, or alternatively, a bond hearing. (*Id*. ¶¶ 30–51.)

The next day, the Court issued an order (1) enjoining Respondents from transferring Elmer A.G.C. outside the District of Minnesota pending a ruling on his habeas petition, and (2) directing Respondents to file an answer by February 1, 2026. (Docket No. 3.) The Respondents answered the Petition. (Docket No. 5.)

## DISCUSSION

Respondents argue that Elmer A.G.C. is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). After thorough review of the parties' filings, the Court concludes that

the legal issues presented by Elmer A.G.C.'s habeas petition are subject to the same analysis the Court recently employed in *Herrera Avila v. Bondi*, Civ. No. 25-3741, 2025 WL 2976539 (D. Minn. Oct. 21, 2025) and *Romero Santuario v. Bondi*, Civ. No. 25-4296, 2025 WL 3469577 (D. Minn, Dec. 2, 2025).  The factual record before the Court shows that Elmer A.G.C. was arrested while already in the United States.  For the same reasons articulated in *Herrera Avila* and *Romero Santuario*, the Court concludes that it possesses jurisdiction over this petition, and that Elmer A.G.C.'s detention is not authorized by § 1225(b)(2).

The Court therefore turns to the proper remedy.  In previous cases involving this issue, the Court has concluded that a bond hearing pursuant to § 1226(a) is the appropriate remedy.  However, the Court is now persuaded that where, as here, (1) Respondents erroneously assert that a detainee is being held pursuant to § 1225(b)(2); and (2) Respondents have not produced a warrant, as is required to effectuate an arrest pursuant to § 1226(a), the appropriate remedy is release from custody.  *See, e.g.*, *Ahmed M. v. Bondi*, No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Lauro M. v. Bondi*, No. 26-134, 2026 WL 115022, at *3 (D. Minn. Jan. 15, 2026); *cf. Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. . . . The typical remedy for such detention is, of course, release.").

The Court will grant Elmer A.G.C.'s petition for writ of habeas corpus and order that he be returned to Minnesota and then released from custody.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Elmer A.G.C.'s Verified Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED**, as follows:

    a. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

    b. Respondents shall **TRANSPORT** Petitioner to Minnesota and **RELEASE** Petitioner from custody immediately.  Petitioner's release in Minnesota must occur **no later than 48 hours after the filing of this Order**.

    c. If Petitioner is being detained in Minnesota, Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order**.

    d. Given the severe weather conditions in Minnesota, Respondents are **ORDERED** to coordinate with Petitioner's counsel to ensure that upon Petitioner's release, they are not left outside in dangerous cold.  It is preferable to release Petitioner to counsel to ensure humane treatment.

    e. Respondents must release Petitioner with all personal effects, such as driver's license, passports, or immigration documents, and without conditions such as location tracking devices.

f.  The parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on February 5, 2026**.  Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

DATED:  February 2, 2026                             _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota,                                        JOHN R. TUNHEIM
at 1:15 P.M.                                                              United States District Judge